UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN R. JACKSON, | No.  2:26-cv-00331-DJC-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WAL-MART ASSOCIATES, INC., | |
| Defendant. | |

Plaintiff is proceeding in this matter pro se, and this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Defendant Walmart filed a Motion to Dismiss (ECF No. 5), and Plaintiff failed to file an opposition.  The Court now recommends that the motion be granted and this action be dismissed.

**I.     Procedural History and Background**

Plaintiff filed this action on August 19, 2025, in Sacramento County Superior Court.  ECF No. 1-1 at 2.  Plaintiff alleged he was "racially attacked" while working at a Walmart in Roseville, California on December 12, 2016.  ECF No. 1-1 at 11.  The factual allegations not entirely clear, but it appears Plaintiff alleges he was in an altercation with a Mr. Giles who was stealing merchandise.  Plaintiff alleges he was injured by a loss prevention associate and subsequently fired nine days later.  *Id*.  Plaintiff alleges wrongful termination in Count I.  Count II

1

appears to allege "slander" against a Walmart manager. *Id.* at 12. Count III alleges that after he injured his hand in the December 2016 incident, Walmart delayed the process for him getting surgery, which he did not receive until October 2019. *Id.* at 13. Count IV is against Victoria Snyder, a "case worker" who allegedly told Plaintiff he would continue to receive checks if he continued physical therapy while incarcerated. *Id.* Claim V is against social worker Mackenzie Dawson and makes similar allegations as against Ms. Snyder concerning claim benefits while incarcerated. *Id.* at 14. Although various individuals are discussed in the body of the complaint, the only defendant named on the caption and in the case initiation papers is Walmart ("Defendant").

Defendant removed the action to this Court on February 6, 2026. ECF No. 1. On February 13, 2026, Defendant filed a motion to dismiss. Opposition to the motion was due by February 27, 2026. LR 230(c). The Court sua sponte granted Plaintiff an extension to March 16, 2026. ECF No. 6. No opposition was filed.

## II.    Analysis

Defendant's motion to dismiss raises several grounds for dismissal,[1] the primary one being that the claims are time-barred. The Court now recommends dismissal based on Plaintiff's failure to respond to the motion and because the claims are time-barred.

### A. Legal Standard Under Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

---

[1]Defendant also raises arguments under Rule 12(b)(1) and Rule 12(b)(5), but the Court will focus primarily on the statute of limitations as it is dispositive.

2

*Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true all well-pleaded factual allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086 (9th Cir. 2020). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A cause of action is subject to dismissal for failure to state a claim when the factual allegations in the complaint and/or other materials properly considered suffice to establish some bar to recovery or an affirmative defense, such as the expiration of the statute of limitations. *Sams v. Yahoo, Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); see also *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (noting that a Rule 12(b)(6) motion can be granted based on the statute of limitations if "the running of the statute is apparent on the face of the complaint").

**B.  Statute of Limitations**

Defendant asserts that Plaintiff's complaint is "very difficult to understand[,]" but appears to assert claims for wrongful termination, slander, and claims related to delay of care for his hand injury. ECF No. 5 at 3-4. The Court agrees that the claims are not clearly pled. However, the incident described in the complaint occurred in December 2016, more than eight years prior to the filing of this action in August 2025. Thus, the claims are time-barred.

A claim for wrongful termination has a two-year statute of limitations and accrues at the

3

time of termination.  *See* Cal. Code Civ. Proc. § 335.1; *Mathieu v. Norrell Corp.*, 115 Cal. App. 4th 1174, 1189 n.14 (2004).  A claim for slander has a one-year statute of limitation.  Cal. Code Civ. Proc. § 340(c).  Plaintiff's third claim appears to be related to the processing of a worker's compensation claim and alleges that Wal-Mart caused delay in his receiving medical treatment for his hand.  But Plaintiff alleges he did receive surgery in 2019, more than five years prior to the filing of this suit.  ECF No. 1-1 at 13.  Plaintiff's fourth and fifth claims are unclear, but both mention "fraud."  Claims for fraud in California are subject to a three-year statute of limitations.  Cal. Civ. Proc. Code 338(d).

As Defendant argues, Plaintiff's allegations are all during the 2016 to 2019 time period, more than five years prior to the filing of the suit.  Plaintiff has not filed an opposition to the motion to dismiss, and thus has not argued that the claims are timely, or that he could allege additional facts to provide a basis to toll the statutes of limitation.

**C. Failure to Oppose**

"[F]ailure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."  LR 230(c).  Plaintiff's opposition was originally due on February 27, 2025.  Pro se litigants are subject to the same procedural requirements as other litigants.  *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).  On March 6, 2025, the Court sua sponte granted Plaintiff until March 16, 2026, to file an opposition, but no opposition was filed.  ECF No. 6.  The Court also cautioned that "failure to timely file an opposition may be construed by the Court as non-opposition to the motion."  ECF No. 6.  Dismissal of the action is also warranted on this ground.

**III.   Conclusion**

The Court has considered Defendant's Motion to Dismiss and Plaintiff's failure to oppose the motion.  The failure to comply with Local Rule 230 alone could merit dismissal.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  However, the Court has addressed the merits of Defendant's motion to dismiss and finds the claims to be time-barred.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

4

1. Defendant's motion to dismiss (ECF No. 5) be GRANTED; and

2. The Clerk be directed to enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 7, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE